PROB 12C
(7/93)

Report Date: July 11, 2014

# United States District Court

for the

Eastern District of Washington

Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Maria Boniffasia Palomino         Case Number: 0980 2:12CR06007-001

Address of Offender: Last known: ███████████████████████████████

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: May 3, 2010

| | | |
|---|---|---|
| Original Offense: | Possession of Methamphetamine With Intent to Distribute, 21 U.S.C. § 841(a)(1) | |
| Original Sentence: | Prison 37 months;<br>TSR - 60 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | To be assigned | Date Supervision Commenced: December 30, 2011 |
| Defense Attorney: | To be assigned | Date Supervision Expires: December 29, 2016 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number Nature of Noncompliance

 1 **Mandatory Condition # 2**: The defendant shall not commit another Federal, state, or local crime.

 **Supporting Evidence**: Maria Palomino is considered in violation of her term of supervised release by committing a new local crime on or about May 24, 2014.

 According to the Kennewick Police Department incident report, the defendant and two other individuals were caught taking items from the Sears store at the Columbia Mall. The store security officer advised the same individuals had been seen taking items on May 21, 2014. They were caught on video surveillance taking a blue tooth speaker, but left before being apprehended.  They returned on May 24, 2014, and took clothing and another speaker. An officer conducted a traffic stop of their vehicle and after being read their Miranda Rights, the defendant and a male that was with her, admitted to taking the items.  The defendant admitted to taking the speaker on May 21, 2014, and stated she sold it for cash.  She also admitted to wearing a pair of shorts out of the store that she did not pay for. The shorts were in the car and she gave them to the officer.

 Ms. Palomino was charged with two counts of third degree theft in Benton County District Court under case 4Z0211488.  She pled guilty on June 27, 2014, and was sanctioned to 364

days in jail with 360 days suspended, a $983, fine, and 24 months unsupervised probation. She was also trespassed from Sears for 2 years.

2   **Standard Condition # 9**: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

**Supporting Evidence**: Maria Palomino is considered in violation of her term of supervised release as she was associating with persons engaged in criminal activity on or about May 21, 2014, and May 24, 2014.

Ms. Palomino was involved in a theft incident at a Sears store on the aforementioned dates. She was associating with Charles Dickerson Jr.(aka: Charles Kinsey), and Stepanie Nave-Hartwell (aka: Stepanie Cook and Stephanie Lie).

Mr. Dickerson is currently on supervision with the Washington Department of Corrections and had an outstanding warrant when he was contacted by law enforcement on May 24, 2014. He has a lengthy criminal record that stems back to 1998, including two felony drug convictions. He was involved with the defendant in the first theft on May 21, 2014. Ms. Nave-Hartwell also has a criminal record, including felonies and a pending charge for burglary and theft of a motor vehicle.

This officer spoke with Ms. Palomino regarding her associations. She denied knowing Ms. Nave-Hartwell had a criminal record; however, they were all involved in the theft incident at Sears. She did acknowledge she knew Mr. Dickerson was a felon, as he was an old friend of hers from Pasco.

3   **Standard Condition # 11**: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

**Supporting Evidence**: Ms. Palomino is considered in violation of her supervision as she failed to notify this officer of her arrest on May 24, 2014.

Ms. Palomino did not contact this officer to advise of the arrest as required. She reported to see this officer on June 6, 2014, and completed a monthly supervision report. Two questions on the report asked if the defendant was questioned by law enforcement or arrested for a criminal case. She answered both questions as "no." This officer questioned her about police contact she had on March 28, 2014, for a following to close traffic citation she received. Ms. Palomino feigned ignorance to standard condition #11, and stated she did not think she had to let me know since it was not a criminal offense. She was then asked if there was anything else she did not advise me of, at which time she advised she was contacted by an officer on May 28, 2014, after a girl she was with stole something from the mall. She claimed she forgot about the incident when she completed her monthly report form. Ms. Palomino was not being truthful as the theft incident was May 24, 2014, and she was arrested for the offense.

4   **Standard Condition # 6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**Supporting Evidence**: Maria Palomino is considered in violation of her term of supervised release as she has failed to report a change in her residence since June 2014.

Ms. Palomino reported to see this officer on June 10, 2014, indicating she was still residing at 18080 E. Alton Street, in Pasco, Washington. She was to be living there with her son and mother, Ramona Delamora, and the residence belonged to her aunt, Rosa Vergin.

Between July 1, 2014, to July 10, 2014, this officer was contacted by Ms. Vergin and Ms. Delamora on two separate occasions. Both advised that Ms. Palomino was not residing at the home. This officer was informed Ms. Palomino was living in Kennewick at the Hawaiian Village Apartments and had been doing so for the past 3 to 4 months. Ms. Vergin stated that she told the defendant to leave in June after she was not staying at the home, was believed to be using drugs, and also not caring for her son. The defendant has not advised this officer of the address change, nor informed this officer that she was staying at another location.

5   **Special Condition # 15**: You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Ms. Palomino is considered in violation of her supervision as she has failed to obtain a substance abuse evaluation as instructed since June 28, 2014.

Ms. Palomino has had positive drug tests and has admitted to using methamphetamine and marijuana. Because she had personal issues with First Step Community Counseling Services, our contracted agency, she was not referred there for the evaluation. She has medical coverage and was instructed to obtain a substance abuse evaluation at a treatment facility of her choice and to advise this officer of the appointment. This officer spoke with the defendant on July 8, 2014, and inquired about her evaluation appointment. She stated she had not made one and had no specific reason as to the delay in getting an appointment. As of today's date, Ms. Palomino has not made an appointment at any facility.

| | | |
|---|---|---|
| 6 | | **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Ms. Palomino is considered in violation of her supervision as she used methamphetamine on or about March 22, 2014; using marijuana on or about July 9, 2014; and failing to report for a drug test on July 10, 2014.

Ms. Palomino submitted a drug test on March 24, 2014, which was presumptive positive for methamphetamine. She disclosed to this officer that she consumed methamphetamine the previous Saturday, which was March 22, 2014.

Ms. Palomino reported for her mental health assessment on July 10, 2014, and disclosed to the counselor that she had consumed marijuana the previous day. Ms. Palomino was to have reported to see this officer for her monthly report and submit to a drug test, which she failed to do.

| | | |
|---|---|---|
| 7 | | **Standard Condition # 2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month. |

**Supporting Evidence**: Maria Palomino is considered in violation of her supervised release as she failed to report to the probation officer on or about July 10, 2014.

Ms. Palomino was initially instructed to report to this officer on July 7, 2014, for her monthly report. She contacted this officer by telephone and advised she did not have transportation to get to the office. She said she had her mental health assessment appointment on July 10, 2014, and asked if she could report to see me after that appointment as she had already had transportation arranged for that date. This request was granted.

Ms. Palomino did report as scheduled for her mental health appointment at Riverview Counseling, which is a block away from the probation office. She advised the counselor that she would be reporting to see me after the appointment. The defendant failed to report to see this officer as required and did not contact this officer. Attempts to contact the defendant by telephone were unsuccessful. This officer did leave her voice mail message and spoke with her friend, Leslie (last name unknown) at 509-675-2958, who advised she would advise Ms. Palomino to contact me. As of this date, she has not contacted me.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   07/11/2014

s/SanJuanita B. Coronado

SanJuanita B. Coronado
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

_____
Signature of Judicial Officer

7/11/14
Date